UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                     :
MARCIA PENNICOTT,                                          :        Chapter 13
                                                           :
                                       Debtor,             :        Case No. 16-23113 RDD
-------------------------------------------------------------X
MARCIA PENNICOTT,                                          :
                                                           :
                              Appellant/Debtor,            :
     -against-                                             :        17-cv-01278 (NSR)
                                                           :        OPINION AND ORDER
JEFFREY L. SAPIR,                                          :
                                                           :
                              Appellee/Trustee.            :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Appellant Marcia Pennicott ("Pennicott" or "Appellant") appeals from the December 5,

2016 decision of Judge Drain dismissing her Chapter 13 case in the United States Bankruptcy

Court for the Southern District of New York. (*See* ECF No. 1.) On February 20, 2017, Pennicott

filed her notice of appeal and her designation of bankruptcy record on appeal. (*See id.*; ECF No.

2.) Her appellant brief, detailing why she was entitled to the requested relief, *i.e.* reversal of Judge

Drain's dismissal, was due on or before March 23, 2017. (*See* ECF No. 4.) To date, Appellant

has filed no such brief.[1] Instead, in her notice of appeal, she argues for reversal of Judge Drain's

dismissal order on the grounds that the decision is based on hearsay and opinion when the court

should be "a neutral adjudicatory body." (*See* ECF No. 1.) For the following reasons, Pennicott's

application is DENIED and her appeal is dismissed with prejudice.

---

[1] Appellant's application has been pending before this Court for over a year with no additional action beyond the filing
of her notice of appeal and the designation of the bankruptcy record.

A district court has "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1). The Court reviews the bankruptcy court's "factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012). A reviewing court properly finds clear error exists when "on the entire evidence[, it] is left with the definite and firm conviction that a mistake has been committed." *In re Residential Capital*, 563 B.R. 477, 485 (S.D.N.Y. 2016). "In reviewing a decision of a bankruptcy court, the district court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *In re Taneja*, No. 17-cv-5618(ER), 2018 WL 1831853, at *2 (S.D.N.Y. Apr. 16, 2018).

Appellant provides no support in fact or law to substantiate her wholly conclusory claims that "[t]here is no proof that creditors are prejudiced[;] this is hearsay and has to be proven in truth and in fact" or that "the debtor's plan is not feasible", is hearsay. (*See* ECF No. 1.) Appellant's arguments are simply without merit. Judge Drain's statement that the creditors are prejudiced was not a hearsay statement, it was a determination rendered on the record. This is likewise true of the statement that "the debtor's plan is not feasible." Moreover, Appellant's arguments do nothing to convince this Court that Judge Drain's determinations of fact were clearly erroneous or that he misapplied the law in any manner whatsoever.

Indeed, Judge Drain reasoned that Plaintiff's Chapter 13 case was ripe for dismissal based upon a fully brief motion that was argued at a hearing on November 30, 2016, which apparently revealed that Appellant's failure to be examined at a scheduled 11 U.S.C. § 341(a) meeting created an unreasonable delay which prejudiced the creditor, warranting dismissal under 11 U.S.C. § 1307(c)(1). (*See* ECF No. 1.) Preliminarily, this Court notes that it is confined to render this decision solely on the arguments raised in Appellant's notice of appeal and Judge Drain's decision,

as no other documents were provided to the Court and Appellant has failed to otherwise brief her arguments. *See In re Taneja*, 2018 WL 1831853, at \*2 (noting that a "district court may not consider evidence outside the record"). Based on those documents, this Court cannot find that there is a "definite and firm conviction" that a factual mistake was made by Judge Drain. *See In re Residential Capital*, 563 B.R. 477, 485 (S.D.N.Y. 2016). This Court otherwise declines to find that Judge Drain misapplied any law, as Appellant fails to demonstrate how her failure to appear at the scheduled Section 341(a) meeting either (1) did not result in prejudice to the creditors; or (2) how dismissal was not warranted under 11 U.S.C. § 1307(c)(1) on this basis.[2]

In consideration of the foregoing, this Court finds no reason, in either law or fact, to reverse the determination of Judge Drain that Appellant's Chapter 13 case should be dismissed. Consequently, Appellant's application is DENIED and her appeal is dismissed with prejudice. The Clerk of the Court is respectfully directed to termination the action.

Dated: April 24, 2018          SO ORDERED:
      White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[2] As to her claims regarding Judge Drain's statements about her Chapter 7 case, Appellant's bare "objection" is insufficient to warrant review of Judge Drain's determination. Again, Appellant provides no factual or legal basis upon which to question Judge Drain's determination. Further, it appears that Plaintiff's Chapter 7 case is wholly separate from the Chapter 13 case from which this appeal is taken, thus there is no relief that this Court can provide related thereto.